Wardlaw, Ch.
delivered the opinion of the Court.
The question in this case is, whether the defendant shall avail himself of the statute of frauds to protect his legal title to a tract of land, in which the plaintiff had an equitable interest, where defendant acquired his title, by purchase at a judicial sale, for half of the value of the land, upon his representations calculated to stifle competition among bidders, and actually preventing the competition of one bidder, that he was buying for the benefit of the plaintiff. In the construction of the statute of frauds, Courts of Equity have adopted, as a general principle, that, as the statute is designed as a protection against fraud, it shall not be set up as a protection or support of fraud. 1 Story Eq. § 330. These Courts will not execute, specifically, contracts concerning lands which are not manifested in writing as required by the statute; but they will cancel conveyances obtained by fraudulent misrepresentations in parol, or impose upon *428 the legal owners the character of trustees. The doctrine on this topic is expressed with force and discrimination in McDonald vs. May, (1 Rich. Eq. 95.) In the circuit decree of the Chancellor in that case, it is said: — “ The statute of frauds, it appears to me, has no application here. This branch of the case does not proceed upon the contract, — does not look to an execution of the contract, — but founds the remedy upon a fraud, by the practice of which the purchaser obtained possession of the plaintiff’s property. Can it admit of a doubt that, if a bidder at sheriff’s sale, either of real or personal property, represents that he has contracted to purchase in the property for the debtor’s benefit, when, in fact, there never was such a contract, and in consequence becomes the purchaser, he shall not be allowed to retain the advantage he has thus unjustly obtained ? It seems to follow that all the purchases by the purchaser here, must be deemed liable to a trust in his hands. For although it appears that no proof can be made that his representations drove off any particular competitor, and it is proved that the majority persisted in bidding, and made the property bring a pretty full price, proof of actual injury is not necessary when actual fraud is established.” The Court of Appeals, in the same case, say: “ We are satisfied with the view taken by the Chancellor, that, if purchases be made by one representing himself to be acting under an agreement with a debtor, and for his benefit, when, in fact, there was no agreement, the advantages thus obtained should be taken away from him on the grounds of fraud.” Again, in Schmidt vs. Gatewood, (2 Rich. Eq. 477,) the doctrine is reiterated, with the additional remark, that where competition is fraudulently destroyed or reduced, it matters not whether, in fact, there was an agreement or not for the benefit of the debtor.
In Meador vs. Jackson, (MS. Col. May, 1837,) the conveyance of a purchaser was set aside, who had bought lands of the defendant in execution at sheriff’s sale, at a price much under their value, on the grounds, that the purchaser had urged the sheriff to make the sale, — and, by his assurances that he was *429 buying for the benefit of the defendant in execution, had overcome the reluctance of the sheriif to sell under the circumstances of the case, — and had thus been enabled to buy at a great sacrifice.
The case before us seems to be completely within the scope of the principles announced in the cases cited.
It is argued that the whole fraud of the defendant in this case, consists in the refusal to execute a contract of which the evidence required by the statute is not exhibited. I cannot perceive why fraud may not consist in the unconscientious employment of a statute to protect one from fulfilling his agreement.^! f a son prevent a father from making a devise to another, by verbal assurances that the object of bounty shall receive without the devise all the benefit intended by the testator, the son shall not be allowed to reap any reward from procuring his father to omit the requirements of the statute. If May and Jackson, in the cases quoted above, had fulfilled their contracts for the benefit of the debtors, their conduct would never have become the subject of investigation in court; but as they attempted to acquire advantage to themselves, from professions of benevolence to the debtors in the first instance, cajoling others from the genuine liberality of buying for full price, they were ousted of the profits of their deceitful schemes.
It is objected that the plaintiff here did not have the legal title of the lands purchased by defendant; and that the heirs of plaintiff’s brother, George Kinard, are the persons really defrauded, and yet are not parties to the suit. No objection for lack of parties is made by the pleadings, and the Court can hardly be expected sua sponte to demur for the exemption of perpetrators of fraud. And the plaintiff, although not the legal owner, is in possession of the lands, holding them subject to the lien of a debt charged upon them for the purchase money. He is in the nature of a mortgagor in possession.
Whether the wife and children of plaintiff, in a contest with him, may not maintain, successfully, that they are the real beneficiaries whom defendant has attempted to defraud, is a question *430 that may arise hereafter when fraud is fixed upon the defendant by the decree of this Court. It is not for him to insist now upon technical defects that he has waived by the course of his pleading.
Whether the plaintiff may not be a trustee for his wife and children to the extent of his recovery in this case, will be best settled in a suit between the father and his family.
■ The circuit Chancellor, in requiring defendant to account for the profits of the land, overlooked the fact that plaintiff had remained, ever since the purchase by defendant, in possession of the land and in receipt of the profits. The decretal order in this respect is rescinded; in all other particulars, it is ordered that the appeal be dismissed and the decree be affirmed.
Dunkin and Dargan, CC. concurred.
Johnston, Ch.
I cannot concur in the decree.
If the defendant had complied with his agreement, it would be impossible to attribute a particle of fraud to him. His only fraud, therefore, consists in his non -performance of his undertaking : and there is no more reason to take this contract out of the statute of frauds than any other parol contract relating to land. If fraud, consisting m the mere non-performance of an agreement, or the injury resulting from it, be sufficient to take it out of the statute, every case of non-performance is taken out of it, and the statute is a nullity.
I feel very sure that this case does not fall within the principle stated in McDonald vs. May and Schmidt vs. Gatewood. The principle there stated is, that a fraudulent representation made at a sale of land, by which the purchaser enables himself to obtain the land at an under-value, to the injury of its owner, is good ground for setting the sale aside: and, then, the purchaser must be directed to deliver up his deed, or re-convey the property, — not by way of executing an agreement, but by way ■ of restoring the property to the condition it was in before the fraudulent sale.
If we apply that principle here, we shall simply vacate the *431 sale: and how would that benefit the plaintiff? What right has he to a conveyance ?
It is singular, it seems to me, to set aside the sale, in a proceeding to which the legal owners, the heirs of George Kinard, are no parties, and in the absence of any complaint on their part. And I am of opinion that it is equally singular to assume in the absence of these parties, that, if the sale were set aside, and the defendant ordered to re-convey to them, — they would be bound to transfer the title to the plaintiff. Resolved into its elements, the decree proceeds upon these principles; and not being prepared to go that length, I cannot concur in it.
It is a mistake, also, to assume that the sale in this case was fraudulent. The sale was fair, and no complaint is made that it was otherwise. How, thén, does the principle of McDonald vs. May apply: in which the very gist of the case was that, independently of all agreements, the sale was fraudulent?

Decree modified.